### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| LULU CHENG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:25-CV-03300-JPB |
| v. ) | |
| ) | |
| AIWEN CHEN, ALLEGOYUKY, ) | |
| BAIZUAN, CHAUMING, ) | |
| DONGLI1688, FACECOI US, ) | |
| FANGXIANG GU, FEILIAMAO, ) | |
| FU668666SKR, ) | |
| GUILINSHIWANXIANGMAOYI, ) | |
| LAN'DO, LOTOTICE, LUSCO, ) | |
| MINGZHENG, MUSGUI, RUIC, ) | |
| SANDAKANKEJI, SANYEAR, ) | |
| SCTHRL ORAL CARE, ) | |
| SENHAOGUANKEJI, SHANGFEIA, ) | |
| TEGUANGBEIMEI, TUJIN(7-14 DAY ) | |
| ARRIVE), WINDMO, XIJAND (8-15) ) | |
| DAYS DELIVERY, YINGQIANGKEJI ) | |
| YOUSHEME, YUANTT, ZENBORA, ) | |
| ZESEN SHOP, and ZHUOTIANSHAN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### OPPOSITION TO PLAINTIFF'S
### MOTION FOR PRELIMINARY INJUNCTION

**COME NOW** Defendants (1) Maoming huazhoushi sandakankeji youxiangongsi d/b/a sandakankeji, (2) Huizhoushi Yingqiangkeji Youxiangongsi d/b/a Yingqiangkeji, (3) Huazhoushi Senhaoguankeji Youxiangongsi d/b/a Senhaoguankeji, (4) Huazhoushi Mumeigui Dianzi Shangwu Youxian Gongsi d/b/a MusGui, (5) dongguanshi mingzheng keji youxian gongsi d/b/a MingZheng,

1

(6) foshanshishundequxingshuxinbuyijingyingbu d/b/a Aiwen chen, (7) Guangzhou Jinghuishi Xinxi Keji Youxian gongsi d/b/a YOUSHEME, (8) huizhoushixiangkefangkejiyouxiangongsi d/b/a Fangxiang Gu, (9) Huazhoushi Xiangyeshang Riyongpin Youxian Gongsi d/b/a Sanyear, (10) Shen zhen shi lu hu jia ju yong pin you xian gong si d/b/a FEILIAMAO, (11) Haikou Longhua Wangyunruo Baihuodian d/b/a Chauming, (12) Lianjiangshi Yingzi Sushengsheng Yangzhichang d/b/a LUSCO (collectively, "Defendants") by and through their undersigned counsel, and respectfully request the Court to deny the Preliminary Injunction and dissolve the Temporary Restraining Order

## I. BACKGROUND

"Yayashi (雅牙仕)", connoting "elegance, teeth, and statesmanship" in Chinese, is a dental product brand of a Chinese company named Guangzhou Lingli Daily Chemical Technology Co., Ltd. ("Lingli"). On April 11, 2023, its former legal representative Deng Zhuochao ("Mr. Deng") applied for trademark registration (No. 70808827[1]) in international Class 3 for "Yayashi" in Roman letters with the China National Intellectual Property Administration (the "CNIPA"). The CNIPA approved the application, and the mark remains validly

---

[1] This application, which later matured into registration, covers the following goods: Dental bleaching gel, tooth cleaning agent, whitening toothpaste, mouthwash without drugs, teeth whitening preparation, toothpaste, breath-freshening spray, tooth cleaning liquid, solid toothpaste, non-medical mouthwash.

2

registered in China as of this filing. A true and correct copy of the record downloaded from CNIPA is attached as **Exhibit 1**.

As the sole and exclusive owner of the "Yayashi" mark, Mr. Deng started to grant licenses to Lingli and other companies in China to manufacture and/or sell Yayashi-branded toothpastes in early 2023. See Decl. of Deng ¶ 7. Some of the licensees sell Yayashi products directly to consumers in China, and other licensees are e-commerce sellers who sell Yayashi products to overseas seller. See Decl. of Deng ¶ 7. All Defendants are either direct licensees of Mr. Deng or downstream wholesalers who source products from Mr. Deng's licensees. See Decl. of Deng ¶ 9.

Without any authorization from Mr. Deng, Plaintiff, a Chinese citizen, filed a trademark application for the identical mark. In the application form filed to the USPTO, Plaintiff alleged its date of first use and use in commerce as October 31, 2023, which contradicts Plaintiff's sworn declaration filed to this Court. See Dkt. No. 12 ¶ 3. The specimen Plaintiff submitted to the USPTO appears to be a photo of a Yayashi toothpaste manufactured by Lingl. See Decl. of Deng ¶¶ 11, 12.

The specimen Plaintiff submitted to the USPTO is nearly identical to Lingli's Products in every detail. It is unclear whether Plaintiff's products were sourced from manufacturers or wholesalers authorized by Mr. Deng or counterfeits of Yayashi toothpaste. But it has been confirmed that Mr. Deng has never granted any exclusive rights of the Yayashi Mark to Plaintiff. Decl. of Deng ¶ 13. Nor was Plaintiff the earliest user of the Yayashi mark in the U.S. market,

as Mr. Deng has authorized a few Amazon sellers, including Defendants, to sell Yayashi products on Amazon (US Site) no later than June 2023, earlier than Plaintiff's alleged first date of commercial use in the United States. Decl. of Deng ¶ 9.

## II.   LEGAL STANDARD

A court may grant a Preliminary Injunction only if the movant demonstrates that "(1) he has a substantial likelihood of success on the merits, (2) he will suffer irreparable injury unless the injunction issues, (3) the injunction would not substantially harm the other litigant, and (4) if issued, the injunction would not be adverse to the public interest." *Long v. Sec'y*, 924 F.3d 1171, 1176 (11th Cir. 2019).

Under Eleventh Circuit precedent, a party seeking a Preliminary Injunction must demonstrate a substantial likelihood of success on the merits, including proof of ownership of a valid and protectable trademark in the United States. See *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.,* 508 F.3d 641, 647 (11th Cir. 2007) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 358 (11th Cir.1997)) ("To establish a prima facie case under § 1125(a), a plaintiff must show (1) that the plaintiff had enforceable trademark rights in the mark or name,"). A federal trademark registration with the United States Patent and Trademark Office ("USPTO") is *prima facie* evidence of the validity of the registered mark. *Matal v. Tam,* 582 U.S. 218, 137 S. Ct. 1744, 198 L. Ed. 2d 366 (2017). Nevertheless, the validity of a registered trademark can be

subject to cancellation as a result of fraudulent conduct in the trademark registration process or likelihood of causing confusion with a prior mark. See e.g., *Florida Virtual School v. K12, Inc.*, 674 F.Supp.3d 1127 (M.D. Fla. 2023) (denying motion to dismiss the defendant's counterclaim seeking cancellation of plaintiff's trademark registration for fraud). 15 U.S. Code § 1052(d) also bars registration of a trademark if it is likely to cause confusion with a mark or trade name previously used in the United States by another and not abandoned.

### III.   ARGUMENT

**A. Plaintiff Is Unlikely to Succeed on Merits Because Plaintiff's Trademark Registration Was Fraudulently Obtained.**

While federal registration creates a presumption of validity and ownership, this presumption is rebuttable and does not survive evidence of prior use or fraud. See *FN Herstal SA v. Clyde Armory Inc.,* 838 F.3d 1071, 1080 (11th Cir. 2016); 15 U.S.C. § 1115(a). The Eleventh Circuit has made clear that "rights in a trademark are determined by the date of the mark's first use in commerce. The party who first uses a mark in commerce is said to have priority over other users." *FN Herstal*, 838 F.3d at 1080 (quoting *Hana Fin., Inc. v. Hana Bank*, 135 S.Ct. 907, 909, 190 L.Ed.2d 800 (2015)). Furthermore, if the registration was procured by fraud—such as by misrepresenting the true source or first use of the mark— any presumption of validity is destroyed, and the registration is subject to cancellation. See, e.g., *Shenzhen Kinwong Elec. Co. v. Kukreja*, 574 F. Supp. 3d

1191, 1237 (S.D. Fla. 2021); *Fla. Virtual Sch. v. K12, Inc.,* 674 F. Supp. 3d 1127, 1137 (M.D. Fla. 2023).

As detailed in the Background, the Yayashi mark originated with Mr. Deng, who registered the mark in China in early 2023, and with his affiliated company, which—through authorized licensees—used the mark in U.S. commerce no later than June 2023. See Decl. of Deng ¶ 9. Plaintiff's application to the USPTO misrepresented the true source and date of first use of the mark, and the specimen submitted was likely a photo of a product manufactured by Lingli for the Chinese market or a counterfeit of the original Yayashi toothpaste, rather than any original product developed by Plaintiff. These facts strongly indicate that Plaintiff was not the true owner and that the registration was procured by fraud.

Because the party claiming ownership must have been the first to actually use the mark in the sale of goods or services in the United States, these facts directly rebut Plaintiff's claim to priority and exclusive rights in the mark. See *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) ("trademark ownership rights are 'appropriated only through actual prior use in commerce'" and "the use of a mark in commerce also must be sufficient to establish ownership rights for a plaintiff to recover against subsequent users under section 43(a).") Courts in this Circuit routinely deny injunctive relief where ownership or priority is seriously disputed. See *Tile World Corp. v. Miavana & Fam., Inc.*, No. 615CV919ORL28TBS, 2016 WL 370540, at *3 (M.D. Fla. Jan.

29, 2016) (denying injunction where "it is not clear that [plaintiff's] claimed mark is valid and protectable" and the record did not establish ownership or priority).

Here, at least two Defendants sold Yayashi products through their respective Amazon stores before October 31, 2023, the first date of use claimed by Plaintiff in its trademark application. In particular, Defendant FEILIAMAO's sales records show that it sold Yayashi-branded toothpaste as early as June 30, 2023—predating Plaintiff's amended alleged first date of use on July 5, 2023. Moreover, online searches reveal that a non-party Amazon seller offered Yayashi-branded toothpaste for sale as early as April 19, 2023.



*Order Details of Defendant FEILIAMAO Sale in June 2023.*



*Non-Party Sale before July 5, 2023*
*Last Accessed: August 2, 2025: https://www.amazon.com/Toothpaste-Probiotic-Whitener-Brightening-Brightens/dp/B0C2YRPXJ9*

If Plaintiff's statements made to the USPTO were correct, the record clearly demonstrates prior use by Mr. Deng and other sellers, rebutting any presumption of validity attached to Plaintiff's registration. On the contrary, if this material information provided to the USPTO was incorrect, Plaintiff's application was obtained by misinterpretation and even fraud.

Because Plaintiff cannot establish priority or clear ownership, and because its registration was likely obtained through misrepresentation of the true source of goods and incorrect date of first use, Plaintiff cannot meet its burden to show a substantial likelihood of success. A TRO is not warranted where ownership is in doubt and registration was procured by fraud. Accordingly, the Court should deny Plaintiff's request for injunctive relief.

### B. Other Factors Also Disfavor the Imposition of TRO.

*i.     Plaintiff fails to Demonstrate Irreparable Harm*

To obtain a TRO, Plaintiff must show it will suffer irreparable harm that is "actual and imminent," not remote or speculative. See *Tile World Corp.*, 2016 WL 370540, at *5 (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). While courts sometimes presume irreparable harm in trademark cases, that presumption only applies where the plaintiff has established a likelihood of success on the merits. See *Id*. Here, Plaintiff has not made such a showing.

Here, Plaintiff has not established such likelihood. Because Plaintiff cannot prove priority or exclusive rights in the Yayashi mark, any claimed harm—loss of goodwill, control, or market share—is speculative at best. Where the underlying trademark rights are in doubt, courts routinely hold that alleged reputational harm is insufficient to justify injunctive relief. See *Id*. Because Plaintiff cannot show irreparable harm, its request for injunctive relief must be denied.

*ii.    The Balance of Harms Favors the Defendant*

The balance of equities weighs strongly against granting a TRO because the chief function of preliminary relief is to preserve—not alter—the status quo. See *Bronstein v. Bronstein*, No. 06-80656 CIV, 2007 WL 646965, at *6 (S.D. Fla. Feb. 27, 2007) (denying preliminary injunction where both parties had established business operations and emphasizing that preliminary relief should maintain the status quo until the merits are fully adjudicated).

Granting Plaintiff's request would disrupt ongoing, legitimate business operations of Defendants whose use of the Yayashi mark has been authorized by the original trademark owner. Defendants have made a prima facie showing of their chain of title and authorization by a declaration from the original brand owner. Decl. of Deng ¶¶7-9. Where the record shows that multiple sellers were in the market before Plaintiff's claimed first use, courts are especially reluctant to issue injunctions that would upend ongoing commerce before ownership is resolved. See *Sec. USA Servs., LLC v. Invariant Corp.,* No. 120CV01100KWRKRS, 2021 WL 2936612, at *2 (D.N.M. July 13, 2021) (denying preliminary injunction where defendants had ongoing sales and possible prior rights, and an injunction would "clearly change the status quo"). It would be grossly unfair for someone who obtained trademark registration through fraud or misrepresentation to enforce rights against authorized sellers.

Denying the TRO would simply maintain the current marketplace until the disputed issues of priority and ownership can be resolved on a full record. The risk of harm to Defendants and established sellers from an unwarranted injunction far outweighs any speculative harm to Plaintiff—particularly where the legitimacy of Plaintiff's priority claim is in serious doubt.

   iii.   *The Public Interest Is Not Served by an Overbroad Injunction*

Finally, the public interest is best served by ensuring that consumers are not misled about the source or authenticity of the goods they purchase. The Eleventh Circuit has repeatedly emphasized that the core purpose of trademark

law is to prevent consumer confusion and safeguard the public's ability to identify the true source of goods. See *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352, 1357 (11th Cir. 1983) ("the public interest would be served by granting the requested injunctive relief" where there is a likelihood of confusion as to source). Here, enjoining established Amazon sellers who have been providing authentic Yayashi products from the original source while allowing an unauthorized seller to keep selling Yayashi products would increase—rather than reduce—consumer confusion. Removing authorized goods from the marketplace would deprive consumers of access to genuine products and risk driving them toward unauthorized or counterfeit alternatives.

Because Plaintiff cannot demonstrate irreparable harm, the balance of harms favors Defendants, and the public interest would not be served by an overbroad injunction that disrupts the availability of authentic products.

## IV.   CONCLUSION

Plaintiff has failed to satisfy the legal standard required for the extraordinary remedy of a preliminary injunction order. For the reasons set forth above, Defendants respectfully request that the Court dissolve any temporary restraining order and deny Plaintiff's motion for preliminary injunction and grant such further relief as the Court deems just and proper.

Date:  August 4, 2025

Respectfully submitted,

**THE SANDIFER LAW FIRM, LLC**

 */s/ John W. Sandifer*
John W. Sandifer
Georgia Bar No. 626026
Email:  jsandifer@sandifer-law.com
125 Clairemont Avenue, Suite 420
Decatur, Georgia 30030
Telephone: (404) 995-9000
Facsimile:  (404) 995-9100

and

YOUNGZEAL LLP

 */s/ Shaoyi Che*
Shaoyi Che, Esq.
TX#24139843*
(**Pro Hac Vice* application submitted)
9355 John W. Elliott Drive, Suite 25555
Frisco, TX 75033
Tel: (717) 440 3382
Email:  Che@yzlaw.com

 *Attorneys for sandakankeji,*
 *Yingqiangkeji, Senhaoguankeji,*
 *MusGui, MingZheng, Aiwen chen,*
 *YOUSHEME, Fangxiang Gu, Sanyear,*
 *FEILIAMAO, Chauming, and LUSCO*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2025, a copy of the foregoing was served on counsel of record by electronic means pursuant to the Court's Electronic Case Filing (ECF) system.

/s/ John W. Sandifer