## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LULU CHENG<br><br>Plaintiff,<br><br>v.<br><br>AIWEN CHEN; ALLEGOYUKY; BAIZUAN; CHAUMING; DONGLI1688; FACECOI US; FANGXIANG GU; FEILIAMAO; FU668666SKR; GUILINSHIW ANXIANGMAOYI; LAN'DO; LOTOTICE; LUSCO; MINGZHENG; MUSGUI; RUIC; SANDAKANKEJI; SANYEAR; SCTHRL ORAL CARE; SENHAOGUANKEJI; SHANGFEIA; TEGUANGBEIMEI; TUJIN(7-14 DAY ARRIVE); WINDMO; XIJAND (8-15) DAYS DELIVERY; YINGQIANGKEJI; YOUSHEME; YUANTT; ZENBORA; ZESEN SHOP; ZHUOTIANSHAN<br><br>Defendants. | Civil Action No. 1:25-cv-03300-JPB |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S

## COMPLAINT

**Now Come** defendants – (1) Maoming huazhoushi sandakankeji youxiangongsi d/b/a sandakankeji, (2) Huizhoushi Yingqiangkeji Youxiangongsi d/b/a Yingqiangkeji, (3) Huazhoushi Senhaoguankeji Youxiangongsi d/b/a Senhaoguankeji, (4) Huazhoushi Mumeigui Dianzi Shangwu Youxian Gongsi d/b/a MusGui, (5) dongguanshi mingzheng keji youxian gongsi d/b/a MingZheng, (6) foshanshishundequxingshuxinbuyijingyingbu d/b/a Aiwen chen, (7) Guangzhou Jinghuishi Xinxi Keji Youxian gongsi d/b/a YOUSHEME, (8) huizhoushixiangkefangkejiyouxiangongsi d/b/a Fangxiang Gu, (9) Huazhoushi Xiangyeshang Riyongpin Youxian Gongsi d/b/a Sanyear, (10) Shen zhen shi lu hu jia ju yong pin you xian gong si d/b/a FEILIAMAO, (11) Haikou Longhua Wangyunruo Baihuodian d/b/a Chauming, and (12) Lianjiangshi Yingzi Sushengsheng Yangzhichang d/b/a LUSCO (collectively,

"Defendants") – by and through their undersigned counsel, and hereby respectfully submit this Answer and Counterclaim to Plaintiff's Complaint. *See* Dkt. No. 1.

## ANSWER

### Introduction

1. This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiffs reputation and goodwill by offering for sale and/or selling Counterfeit Products. Defendants create e-commerce stores operating under one or more identified above ("Seller Aliases") which are advertising, offering for sale, and selling products using infringing and/or counterfeit versions of the federally registered trademarks owned and/or licensed by Plaintiff (collectively, the "Counterfeit Products") to unknowing consumers here in the United States. E-commerce stores operating under the Seller Aliases share characteristics establishing a logical relationship between them, and Defendants' unlawful activities arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid, or at least mitigate, liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of its registered and trademarks, as well as to protect unknowing consumers from mistakenly purchasing Counterfeit Products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, a lack of quality control, and a loss of brand confidence, exclusivity, and unquantifiable future sales as a result of Defendants' actions and seeks injunctive and monetary relief.

Response: Denied.

### Jurisdiction and Venue

2.  This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. §§ 1331, 1338(a)-(b).

    Response: Denied.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2) over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, through at least the fully interactive e-commerce stores operating under the seller aliases identified above (the "Seller Aliases"). Specifically, Defendants have targeted sales to United States residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold Counterfeit Products to residents in the United States.

    Response: Denied.

## Parties

4.  Plaintiff is a Chinese resident.

    Response: Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 4.

5.  Plaintiff is a purveyor of tooth care products and is responsible for the YAYASHI® brand. Plaintiff manufactures, produces, markets, advertises, offers for sale, and sells select products under the YAYASHI brand, including toothpaste and tooth powder (collectively, "Genuine YAYASHI® Products").

Response: Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 5.

6.  The YAYASHI brand has enjoyed success in international e-commerce. Plaintiff's toothcare products are widely available for sale online, including on Amazon.com.

Response: Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 6.

7.  Plaintiff is the owner of certain distinctive trademarks, including the YAYASHI.

Response: Defendants deny that Plaintiff is the owner of the YAYASHI trademark or has priority of use in the United States.

8.  Plaintiff applied for and holds the U.S. trademark registration for YAYASHI (the "YAYASHI                                                                                      Trademark").

| Reg. No. | Trademark | Goods / Services |
|----------|-----------|------------------|
| 7,587,215 | YAYASHI | CLASS 3: Toothpastes; Teeth whitening preparations; Tooth powder |

Response: Defendants admit that Plaintiff is listed as the registrant of U.S. Trademark Registration No. 7,587,215 for YAYASHI, but deny any remaining allegations.

9.  A true and correct copy of the U.S. Registration Certificate is attached hereto as Exhibit 1.

Response: Defendants admit that Exhibit 1 appears to be a copy of the registration certificate.

10. The above U.S. registration for the YAYASHI Trademark is valid, subsisting, and in full force and effect.

Response: Denied.

11. The registration for the YA Y ASHI Trademark constitutes prima facie evidence of its validity and of the exclusive right to use the YA Y ASHI Trademark pursuant to 15 U.S.C. § 1057(b).

    Response: Denied.

12. The Plaintiff Trademark signifies to the purchaser that Genuine YAYASHI® Products come from Plaintiff and are manufactured to Plaintiff's quality standards. Plaintiff ensures that products bearing the YAYASHI Trademark are manufactured to the highest quality standards.

    Response: Denied.

13. The YAYASHI Trademark has been continuously used and never abandoned. The innovative marketing of the Genuine YAYASHI® Products has enabled the YAYASHI brand to achieve widespread recognition. This widespread recognition, outstanding reputation, and significant goodwill associated with the YAYASHI Brand have made the YAYASHI Trademark a valuable asset of Plaintiff.

    Response: Denied.

14. Plaintiff has expended significant resources in advertising, promoting, and marketing featuring the YAYASHI Trademark. Genuine YAYASHI® Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative formulations. As a result, products bearing the YAYASHI Trademark are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Plaintiff. Genuine YAYASHI® Products have become among the most popular toothpaste products on the market. As such, the goodwill associated with the YAYASHI Trademark is of incalculable and inestimable value to Plaintiff, and Plaintiff has made efforts to protect its interests in and to the YAYASHI Trademark.

Response: Denied.

## The Defendants

15. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified above and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with marginal trademark enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

Response: Defendants admit that they are business entities organized and existing under the laws of the People's Republic of China.  Defendants deny the remaining allegations in Paragraph 15.

16. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed above. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to discover Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

Response: Denied.

## Defendant's Unlawful Conduct

17. Marketplaces like Amazon allow merchants to quickly "set up shop" and flood the market with unauthorized goods which displace actual sales manufacturers would otherwise enjoy.

Response: Denied.

18. It has been estimated that e-commerce intellectual property infringement costs merchants in the U.S. alone nearly $41 billion[1] with Department of Homeland Security seizures of infringing goods increasing more than ten-fold between 2000 and 2018[2] and a street value of seized goods increasing 246% from 2017 to 2022.[3]

   Response: Denied.

19. U.S. Customs and Border Protection ("CBP") reported that for Fiscal Year 2023, it seized nearly 23 million counterfeit goods with a collective manufacturer's suggested retail price of over $2.7 billion (USD), with 46% of those seizures and 84% of the value coming from China and Hong Kong.[4]

   Response: Denied.

20. Infringing and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

   Response: Denied.

21. Third-party service providers like those used by Defendants do not robustly subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms."[5]

---

[1] The National Bureau of Asian Research, *The Report of the Commission on the Theft of American Intellectual Property*, at 9, Pub. The Commission on the Theft of American Intellectual Property 2017, available at http://www.ipcommission.org/report/IP_Commission_Report_Update_2017.pdf.

[2] U.S. Department of Homeland Security, *Combating Trafficking in Counterfeit and Pirated Goods Report to the President of the United States*, January 24, 2020.

[3] U.S. Customs and Border Protection Office of Trade, *FY 2022 Fact Sheet Intellectual Property Rights*, available at https://www.cbp.gov/sites/ default/files/assets/ documents/2023 Mar/IPR %20Fact%20Sheet%20FY2022%20Final %20Draft%20%28508%29%20%28004 %29% 20%282%29 .pdf

[4] U.S. Customs and Border Protection, *FY 2023 FACT SHEET Intellectual Property Rights*, available at https://www.cbp.gov/sites/default/files/2024-05/IPR%20F ACT%20SHEET%20FISCAL%20YEAR%202023%20PBRB%20APPROVED%2 0%28508%29 _ 5.29 .pdf

[5] Daniel C.K. Chow, *Alibaba, Amazon, and Counteifeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020).

Response: Denied.

22. DHS has observed that "at least some e-commerce platforms, little identifying information is necessary for [an infringer] to begin selling" and recommended that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Infringers hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual storefronts.[6]

Response: Denied.

23. Because platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated.[7]

Response: Denied.

24. Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of [infringement]."[8]

Response: Denied.

25. Defendants have targeted sales to United States residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold Counterfeit Products to residents of the United States.

Response: Denied.

26. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, many Defendants facilitate sales by designing the e-commerce stores (including product detail pages) operating under the Seller Aliases so

---

[6] *Combating Trafficking in Counterfeit and Pirated Goods Report to the President of the United States*, at p. 22.
[7] Id., at p. 39.
[8] *Alibaba, Amazon, and Counteifeiting in the Age of the Internet,* 40 NW. J. INT'L L. & BUS. at 186-187.

that they appear to unknowing consumers to be authorized online retailers of their products (including Genuine YAYASHI® Products), outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases look sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards and Amazon Pay. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer of Genuine YAYASHI® Products.

Response: Denied.

27. Plaintiff has not licensed or authorized Defendants to use the YAYASHI Trademark and, on information and belief, none of the Defendants are authorized retailers of Genuine YAYASHI® Products.

Response: Denied.

28. Many Defendants deceive unknowing consumers by using the YAYASHI Trademark without authorization within the content and text of their e-commerce stores to attract various search engines crawling the Internet looking for webpages relevant to consumer searches for Genuine YAYASHI® Products. Other e-commerce stores operating under the Seller Aliases omit using the YAYASHI Trademark in the item title to evade enforcement efforts while using product photographs containing the YAYASHI Trademark that will trigger their listings when consumers are searching for Genuine YAYASHI® Products.

Response: Denied.

29. E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

Response: Denied.

30. E-commerce store operators like Defendants regularly simultaneously operate multiple storefronts in violation of platform terms of service, or register or acquire new seller aliases for the purpose of offering for sale and selling Counterfeit Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and counterfeiting operation, and to avoid being shut down.

Response: Denied.

31. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique characteristics such as templates with common design elements which intentionally omit any contact information or other information for identifying Defendants or other seller aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features, such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same grammatical and spelling errors, and/or the use of the same text and images. Additionally, Counterfeit Products for sale by the Seller Aliases bear similar irregularities and indicia of being counterfeit, suggesting that the Counterfeit Products were manufactured by and come from a common source and that Defendants are interrelated.

Response: Denied.

32. E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn and kuajingys.com regarding tactics for operating multiple accounts simultaneously, evading detection, pending litigation, and potential new lawsuits.

Response: Denied.

33. Counterfeiters such as Defendants will typically operate under multiple seller aliases and payment accounts so that they can continue operation despite the enforcement efforts of rights holders like Plaintiff. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment which might be awarded by rights holders like Plaintiff. Indeed, analysis of financial account transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

Response: Denied.

34. Upon information and belief, Defendants are working to knowingly and willfully import, distribute, offer for sale, and sell Counterfeit Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the YAYASHI Trademark in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Products into the United States over the Internet.

Response: Denied.

35. Defendants' unauthorized use of the YAYASHI Trademark in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Products, including the sale of Counterfeit Products into the United States, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

Response: Denied.

**Count I – Trademark Infringing and Counterfeiting (15 U.S.C. § 1114)**

36. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 35.

    Response: Defendants hereby repeat and incorporate by reference the admission and denial set forth in the preceding paragraphs.

37. Plaintiff's trademark infringement claims against Defendants are based on their unauthorized use in commerce of counterfeit imitations of the federally registered YAYASHI Trademark in connection with the advertising, distribution, offering for sale, and sale of infringing goods.

    Response: Denied.

38. The YAYASHI Trademark is a distinctive mark, and consumers have come to expect superior quality from products advertised, distributed, offered, or sold under the YAYASHI Trademark.

    Response: Denied.

39. Defendants have advertised, distributed, offered to sell, sold, and are still advertising, distributing, offering to sell, and selling products using counterfeit reproductions of the YAYASHI Trademark without Plaintiff's permission.

    Response: Denied.

40. Plaintiff is the exclusive owner of the YAYASHI Trademark. Plaintiff's registration for the Plaintiff Trademark is in full force and effect.

    Response: Denied.

41. Upon information and belief, Defendants are aware and have knowledge of Plaintiff's rights in the YAYASHI Trademark and are willfully infringing it and intentionally using counterfeit reproductions thereof.

    Response: Denied.

42. Defendants' willful, intentional, and unauthorized use of the YAYASHI Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Products among the general public.

Response: Denied.

43. Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. § 1114.

Response: Denied.

44. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known YAYASHI Trademark if Defendants' actions are not enjoined.

Response: Denied.

45. Defendants' wrongful advertisement, offering to sell, and sale of Infringing Products have directly and proximately caused injuries and damage to Plaintiff.

Response: Denied.

**Count II – False Designation of Origin (15 U.S.C. § 1125(a))**

46. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 45.

Response: Defendants hereby repeat and incorporate by reference the admission and denial set forth in the preceding paragraphs.

47. Defendants' advertising, distribution, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeit Products by Plaintiff.

Response: Denied.

48. By using the YAYASHI Trademark in association with the advertising, distribution, offering for sale, and sale of the Counterfeit Products, Defendants create a false designation of origin and a misleading representation of fact as to the true origin and sponsorship of the Counterfeit Products.

Response: Denied.

49. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public involves the willful use of counterfeit marks and is a willful violation of 15 U.S.C. § 1125.

Response: Denied.

50. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known YAYASHI Trademark if Defendants' actions are not enjoined.

Response: Denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of its requested relief as it relates to Defendants.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Lack of Ownership / Priority

Plaintiff's claims are barred because Plaintiff is not the senior user and not rightful owner of the YAYASHI mark.

### Second Affirmative Defense:  Fraud on the USPTO

Plaintiff's claims are barred because Plaintiff's trademark registration was procured by fraud on the United States Patent and Trademark Office, including material misrepresentations regarding ownership, first use, and exclusive rights.

### Third Affirmative Defense: Unclean Hands

Plaintiff's claims are barred by the doctrine of unclean hands due to Plaintiff's misconduct in connection with the procurement and assertion of the YAYASHI mark, including misrepresenting the true source of goods and submitting unauthorized specimens.

### Fourth Affirmative Defense: No Irreparable Harm

Plaintiff is not entitled to injunctive relief because Plaintiff cannot demonstrate irreparable harm. Plaintiff lacks priority and any alleged harm is speculative, remote, or self-inflicted, and thus does not satisfy the requirements for equitable relief.

### Fifth Affirmative Defense: License or Consent

Plaintiff's claims are barred, in whole or in part, because Defendants' use of the YAYASHI mark was authorized by, or made with the consent of, the true owner of the mark. Defendants acted as authorized licensees or with the express or implied consent of the YAYASHI brand owner, and therefore any alleged use was lawful and non-infringing.

## COUNTERCLAIMS OF DEFENDANTS

Defendants – (1) Maoming huazhoushi sandakankeji youxiangongsi d/b/a sandakankeji, (2) Huizhoushi Yingqiangkeji Youxiangongsi d/b/a Yingqiangkeji, (3) Huazhoushi Senhaoguankeji Youxiangongsi d/b/a Senhaoguankeji, (4) Huazhoushi Mumeigui Dianzi Shangwu Youxian Gongsi d/b/a MusGui, (5) dongguanshi mingzheng keji youxian gongsi d/b/a MingZheng, (6) foshanshishundequxingshuxinbuyijingyingbu d/b/a Aiwen chen, (7) Guangzhou Jinghuishi Xinxi Keji Youxian gongsi d/b/a YOUSHEME, (8) huizhoushixiangkefangkejiyouxiangongsi d/b/a Fangxiang Gu, (9) Huazhoushi Xiangyeshang Riyongpin Youxian Gongsi d/b/a Sanyear, (10) Shen zhen shi lu hu jia ju yong pin you xian gong si d/b/a FEILIAMAO, (11) Haikou Longhua Wangyunruo Baihuodian d/b/a Chauming, and (12) Lianjiangshi Yingzi Sushengsheng Yangzhichang d/b/a LUSCO (collectively, "Defendants" or "Counterclaimants"), by and through their undersigned counsel, bring these Counterclaims against Plaintiff LuLu Cheng, and allege as follows:

### I.    NATURE OF ACTION

1. Counterclaimants seek cancellation of Plaintiff's U.S. trademark registration for the YAYASHI mark and declaratory relief. Plaintiff's improper assertion of exclusive rights in the YAYASHI mark is based on: (1) fraudulently procuring the U.S. registration by misrepresenting ownership and priority, and (2) attempting to exclude authorized licensees and legitimate sellers from the marketplace.

2. Plaintiff is not the rightful owner or senior user of the YAYASHI mark in the United States, and its registration was obtained through material misrepresentations to the United States Patent and Trademark Office.

3. Plaintiff's conduct has caused harm to Counterclaimants, who are authorized licensees or downstream sellers of authentic YAYASHI products. Counterclaimants seek a declaration that Plaintiff has no exclusive rights in the YAYASHI mark and an order cancelling Plaintiff's U.S. trademark registration pursuant to 15 U.S.C. § 1119.

### II.    JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. By filing this action, Plaintiff has submitted to the jurisdiction of this Court and has therefore consented to personal jurisdiction for any counterclaims asserted in this action. See *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Venue for these counterclaims is proper in this District pursuant to 28 U.S.C. § 1391(b)(3).

### III.    PARTIES

6. LuLu Cheng is, upon information and belief, a citizen and resident of China, and is listed as the registrant of U.S. Trademark Registration No. 7,587,215 for the YAYASHI mark.

7. Counterclaimants are independent Chinese merchants and an authorized licensee and/or downstream seller of authentic YAYASHI products in the United States. They are not affiliated with the Plaintiff or with each other.

### IV.    FACTUAL ALLEGATIONS

8. The YAYASHI brand originated in China and is owned by Mr. Deng Zhuochao ("Mr. Deng"). Mr. Deng registered the YAYASHI mark with the China National Intellectual Property Administration and has continuously authorized various manufacturers and sellers—including Counterclaimants—to produce and distribute authentic YAYASHI-branded products. *See* Dkt. No. 52-1 (Exhibit 1 to Declaration of Deng Zhuochao), at ¶¶ 4-8.

9. Counterclaimants are Chinese companies; each Counterclaimant is an authorized licensee or downstream seller of genuine YAYASHI products. *See* Dkt. No. 52-1 (Exhibit 1 to Declaration of Deng Zhuochao), at ¶ 9. Counterclaimants have lawfully sold YAYASHI-branded goods to U.S. consumers, including through Amazon and other e-commerce platforms, since at least June 2023. *See* Dkt. No. 52 at 7.

10. Plaintiff Lulu Cheng is not, and has never been, authorized by Mr. Deng to act as the exclusive owner, licensee, or distributor of the YAYASHI mark or products in the United States. *See* Dkt. No. 52-1 (Exhibit 1 to Declaration of Deng Zhuochao), at ¶ 10.

11. Plaintiff, without authorization, filed a U.S. trademark application for the identical YAYASHI mark after Mr. Deng's trademark application was granted by China National Intellectual Property Administration, falsely claiming to be the owner and first user in U.S. commerce.

12. In Plaintiff's U.S. trademark application, Plaintiff declared under oath that they were the exclusive owner of the YAYASHI mark and that no other person had the right to use the mark in commerce. Plaintiff also submitted as their specimen a photograph of a YAYASHI toothpaste product manufactured by Lingli Daily Chemical Technology Co., Ltd. ("Lingli"), a third-party contract manufacturer for the YAYASHI brand in China, not by Plaintiff, and did so without authorization from the original brand owner. *See* Dkt. No. 52-1 (Exhibit 1 to Declaration of Deng Zhuochao), at ¶ 11.

13. At the time of Plaintiff's application, authentic YAYASHI products were already being sold in the United States by authorized licensees and sellers, including Counterclaimants, and Plaintiff was aware or should have been aware of these prior rights and uses.

14. Plaintiff's U.S. trademark registration was procured by material misrepresentations regarding ownership, priority, and the source of goods, and would not have issued but for these misrepresentations.

15. Relying on their fraudulently obtained trademark registration, Plaintiff initiated this lawsuit against Counterclaimants and numerous other third-party sellers, seeking emergency injunctive relief, asset freezes, and the removal of listings from Amazon and other platforms.

16. Plaintiff's *ex parte* application for a Temporary Restraining Order ("TRO") and subsequent motion for preliminary injunction sought to freeze Counterclaimants' Amazon storefronts and payment accounts, threatening to cut off all revenue, disrupt fulfillment operations, and damage customer and supplier relationships.

17. Plaintiff's actions have caused and continue to cause significant harm to Counterclaimants, including business interruption, lost sales, reputational injury, and the erosion of essential commercial relationships. Counterclaimants' ability to lawfully sell authentic YAYASHI products in the United States has been directly and foreseeably threatened by Plaintiff's improper assertion of trademark rights.

18. At all relevant times, Counterclaimants have acted in good faith as authorized sellers or licensees of authentic YAYASHI products and have not engaged in any infringing or unauthorized conduct.

## V.    CLAIMS FOR RELIEF

### COUNT I

**Cancellation of Plaintiff's U.S. Trademark Registration for YAYASHI**

19. Counterclaimants reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

20. Plaintiff is listed as the registrant of U.S. Trademark Registration No. 7,587,215 for the YAYASHI mark.

21. Plaintiff is not the rightful owner or senior user of the YAYASHI mark in the United States. The YAYASHI mark was first continuously and bona fide used in U.S. commerce by Mr. Deng, Lingli (an authorized manufacturer), and their authorized licensees, including Counterclaimants, prior to any alleged use by Plaintiff.

22. Plaintiff's U.S. trademark registration was procured by fraud on the United States Patent and Trademark Office. Plaintiff knowingly and intentionally made false, material representations regarding ownership, priority, and the source of goods, with the intent to deceive the USPTO, and submitted, without authorization, as their specimen a product manufactured by Lingli, an authorized manufacturer for the YAYASHI brand.

23. On information and belief, Plaintiff declared under oath that they were the exclusive owner of the YAYASHI mark and that no other person had the right to use the mark in commerce, despite knowing-at the time of her application-that YAYASHI-branded products were already being sold in the United States by authorized licensees and sellers, including Counterclaimants.

24. But for these false and material representations, Plaintiff's registration would not have issued.

25. Pursuant to 15 U.S.C. § 1119, the Court has the authority to order the cancellation of a trademark registration in any action involving a registered mark.

### COUNT II

**Declaratory Judgment of No Exclusive Rights and Non-Infringement**

26. Counterclaimants reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

27. An actual and justiciable controversy exists between Counterclaimants and Plaintiff regarding the right to use the YAYASHI mark in the United States.

28. Counterclaimants, as authorized licensees or downstream sellers of authentic YAYASHI products, have continuously and bona fide used the YAYASHI mark in U.S. commerce prior to any alleged use by Plaintiff.

29. Plaintiff is not the senior user or rightful owner of the YAYASHI mark in the United States and cannot assert exclusive rights to the mark as against Counterclaimants.

30. Plaintiff's assertion of exclusive rights and their initiation of this lawsuit threaten Counterclaimants with removal of their products from online marketplaces, loss of sales, disruption of business operations, and damage to customer and supplier relationships, causing actual and imminent harm.

31. Counterclaimants' use of the YAYASHI mark does not infringe any valid rights of Plaintiff and does not constitute trademark infringement, unfair competition, or any other violation of law.

32. Counterclaimants are entitled to a declaration that they have the right to use the YAYASHI mark in U.S. commerce without interference from Plaintiff.

## COUNT III

### Tortious Interference with Business Relationships

33. Counterclaimants reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

34. Counterclaimants maintained active and ongoing contractual and prospective business relationships with Amazon, payment processors, and customers for the sale of authentic YAYASHI-branded products in the United States.

35. Plaintiff was aware, or reasonably should have been aware, of these relationships and the presence of Counterclaimants' YAYASHI-branded products in U.S. commerce.

36. Plaintiff intentionally interfered with these relationships by an asserting baseless claim of exclusive trademark rights, submitting takedown requests, and seeking a TRO that froze Counterclaimants'

Amazon storefronts and payment accounts, resulting in the suspension of their accounts and the removal of their product listings.

37. Plaintiff's interference was not justified by any legitimate business need or good-faith legal claim, but was instead motivated by an anticompetitive purpose: to exclude Counterclaimants from the marketplace and suppress lawful competition. Plaintiff's actions were undertaken without privilege or justification and constitute improper interference under applicable law.

38. As a direct and proximate result of Plaintiff's wrongful conduct, Counterclaimants suffered actual damages, including but not limited to lost profits, business interruption, reputational harm, and the loss of essential supplier and customer relationships.

**COUNT IV**

**Wrongful Injunction**

39. Counterclaimants reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

40. Plaintiff applied for and obtained an *ex parte* TRO which froze Counterclaimants' accounts and suspended their storefronts without prior notice. *See* Dkt. No. 4.

41. The TRO was wrongfully issued because it was obtained based on misleading, unverified, and generalized allegations, and without competent evidence to support such extraordinary relief.

42. As a direct and proximate result of the wrongfully issued TRO, Counterclaimants suffered substantial and measurable financial harm, including but not limited to lost profits, business interruption, and injury to commercial reputation.

43. Counterclaimants are entitled to recover all damages proximately caused by the wrongful issuance of the TRO, including but not limited to lost profits, business interruption losses, and reputational harm, against Plaintiff and/or the injunction bond, as permitted by Fed. R. Civ. P. 65(c) and applicable law.

**VI.    PRAYER FOR RELIEF**

**WHEREFORE**, Counterclaimants respectfully request that the Court enter judgment in their favor and against Plaintiff as follows:

1. For compensatory damages in an amount to be proven at trial, including but not limited to lost profits, business interruption losses, and reputational harm resulting from Plaintiff's conduct and the wrongfully obtained Temporary Restraining Order;

2. For restitution or recovery on the injunction bond for all damages caused by the wrongfully issued Temporary Restraining Order;

3. For an order cancelling Plaintiff's U.S. Trademark Registration No. 7,587,215 for the YAYASHI mark pursuant to 15 U.S.C. § 1119;

4. For a declaration that Plaintiff has no exclusive rights in the YAYASHI mark as against Counterclaimants, and that Counterclaimants' use, marketing, and sale of YAYASHI-branded products in the United States does not infringe any rights of Plaintiff;

5. For attorneys' fees and costs as permitted by law;

6. For pre- and post-judgment interest as permitted by law; and

7. For such other and further relief as the Court deems just and proper.

Date: August 20, 2025                    Respectfully submitted,

YOUNGZEAL LLP
*/s/ Shaoyi Che*
Shaoyi Che, Esq.
TX#24139843
YoungZeal LLP
9355 John W. Elliott Dr, Ste 25555,
Frisco, TX 75033
Tel: (717) 440 3382
Che@yzlaw.com

AND

THE SANDIFER LAW FIRM, LLC
John W. Sandifer
Georgia Bar No. 626026
Email:  jsandifer@sandifer-law.com
125 Clairemont Avenue, Suite 420
Decatur, Georgia 30030
Telephone: (404) 995-9000
Facsimile:  (404) 995-9100

*Attorneys for sandakankeji, Yingqiangkeji,*
*Senhaoguankeji, MusGui, MingZheng, Aiwen chen,*

*YOUSHEME, Fangxiang Gu, Sanyear, FEILIAMAO,*
*Chauming and LUSCO*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 20, 2025, a copy of the foregoing was served on counsel of record by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

<u>*/s/ Shaoyi Che*</u>